SAVOY, Judge.
The instant case involves a suit filed by plaintiff stepfather for the adoption of the minor, Kerney Girard Thibodeaux, born of the union between defendant and his former wife who has divorced defendant and remarried plaintiff.
In his petition for adoption plaintiff sets forth as the grounds for same the failure by defendant to support his minor child *785 for a one-year period as directed by a court order.
LSA-R.S. 9:422.1 provides:
“If the spouse of the petitioner is the-legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
“(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
“(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
“(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.”
The trial judge found that defendant had failed to pay the sum of $7.00 weekly for the support of said child as ordered by the court for one year. He refused, however, to grant the adoption at the hearing because of the relatively short duration of the marriage between plaintiff and the mother of the minor involved herein.
It is true that under LSA-R.S. 9:422.1 the consent of the legitimate parent is unnecessary if he has failed, among other grounds, to support his or her minor child as directed by a court order for a period of one year. However, we are of the opinion that under the above quoted statute, some discretion is vested in the trial judge as to whether or not he will grant the adoption.
In the instant case the trial judge was of the opinion that it would be to the best interest of the minor that he not grant the adoption at the time of the hearing because of the relatively brief period that plaintiff and the mother of the minor had been married.
We do not believe the trial judge abused his discretion in not granting the adoption.
For the reasons assigned the judgment is affirmed at appellant’s costs.
Affirmed.