GLADNEY, Judge.
Forest T. Moody, the father of Brenda Faye and Gwendolyn, ages 13 and 11 years at the time of trial, born of his marriage with Dorothy Faye Marsh, has appealed from a judgment of adoption of the children in favor of Charles Wayne Rose.
Appellant’s marriage to Dorothy Faye Moody was dissolved by divorce on September 26, 1961, which decree awarded the custody of the two children to the mother and ordered monthly child support payments to be made by the father into the custody of the Clerk of Court at Collins-worth County, Texas. Dorothy Faye Moody, on January 13, 1962, married Charles Wayne Rose, a member of the United States Air Force, and within a short time after their marriage he was transferred to Spain where he was joined by his wife and the children. Moody made monthly payments of support as required by the decree of divorce until May of 1962 and thereafter made no further payments in compliance with the judgment. On May 25, 1962 he filed in the Collinsworth Court an application for a writ of habeas corpus to obtain custody of the two children, but this suit was not served due to the alleged inability of the petitioner to locate his former wife. Rose, his wife, and the children, after living in Spain until October of 1965, returned to the United States and established a residence in Bossier City.
This proceeding was filed on behalf of Charles Wayne Rose on February 28, 1966 and objection to the adoption was entered by appellant on the ground his consent was not forfeited because of his failure to pay child support. Thus the contention of appellant before this court is that the judgment of the trial court is in error forasmuch as the mother of the children, by moving them out of the jurisdiction of the Collins-worth County Court, and failing to disclose her whereabouts, deprived him of his rights *223 with respect to the children and therefore, his noncompliance with monthly payments of support for the children was not without justification.
The judgment of the trial court granting the adoption was predicated on the provisions of LSA-R.S. 9:422.1 which provide that where the spouse of the petitioner for the adoption has been granted custody of the child by a court of competent jurisdiction and the other legitimate parent has failed to comply with the court order for support for a period of one year, the latter’s consent is not necessary.
In reaching its conclusion the trial court correctly ruled that the recent decisions of the Supreme Court In Re LaFitte, 247 La. 856, 174 So.2d 804 (1965) and In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963) are controlling as to the issues presented in the instant case. In LaFitte the natural father of the children admittedly failed to make support payments for over a year and asserted that he was justified in doing so because his former wife had taken the children to the Phillippines where her husband was employed in the military service. The Supreme Court held the parental rights of the natural father had been forfeited, since it was not shown that his failure to make payments for support of the children was due to circumstances over which he had no control. The court quoted the following from the prior case of Ackenhausen, supra, in determining the effect and application of LSA-R.S. 9:422.1:
“ ‘We think the legislature * * * was attempting to define the conduct which would be a failure of the parent to fulfill his responsibility of support of his child, whereby the parent would forfeit his parental rights,’ and the only time consent of both parents is not needed is ‘when the failure to comply with the order of the court is without just cause.’ ‘The legislature never intended by this provision to dispense with consent where the legitimate parent shows that his failure to comply with the court order for support was for reasons beyond his control.’ However, in this same decision we emphasized that ‘we do not propose to give the statute such a strict interpretation as to make it ineffective and inoperative,’ and that ‘To hold that under the statute there must be a complete refusal or failure to pay any sum whatever for one year before consent would be dispensed with would be to disregard completely the obligation which a parent has to provide support and maintenance for his child.’ (The emphasis has been supplied.)” [174 So.2d 804, 806]
The effect of the statute is to cause a forfeiture of the right of the parent to give consent where, by reason of his conduct, he has evidenced a failure to fulfill his responsibility of supporting his children during the period provided by the statute, and it is only when failure to comply with the order of the court is with just cause that the consent of both parents is essential to the adoption.
In the present case appellant is shown to have had ample means and income from which to make payments and knew that such were to be made to the Clerk of the Collins-worth Court and when made would be forwarded for the support of Gwendolyn and Dorothy Faye. Under the established facts Moody refused to make support payments to the Clerk of Court for no other reason than he thought he was being denied visitation rights. This was not an adequate excuse and in our opinion he has failed to show he was without fault in refusing to make judgment payments.
The judgment is affirmed at appellant’s cost.