ELLIS, Judge.
This is an application filed by Ronald L. Merrill for the adoption of his wife’s two minor children by a prior marriage. The adoption is opposed by George Ray Dobyns, Jr., natural father of the children. From a judgment rejecting his application, Mr. Merrill has appealed to this court.
Mrs. Merrill was divorced from Mr. Dobyns on June 10, 1966, and has had legal custody of the children since April 7, 1965. By virtue of the judgment of divorce of June 10, 1966, Mr. Dobyns was ordered to pay $120.00 per month for the support of the children. This judgment has never been modified.
Mrs. Merrill married her present husband, the applicant herein, on September 21, 1967, and the two children have resided with them ever since. Mrs. Merrill has consented to the adoption prayed for herein.
The original petition for adoption was filed on April 8, 1969. At that time, Mr. Dobyns had made no payments for the support of his children since January 31, 1968.
The application is opposed by Mr. Dobyns, who does not consent to the adoption of his children by applicant. It is contended that his consent is not necessary because of R.S. 9:422.1 which provides:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
“(1) The spouse of the petitioner or the grandparent or grandparents or the mother or father have been granted custody of the child by a court of competent jurisdiction and
“(2) The other legitimate parent has refused or failed to comply with a court *209 order of support for a period of one year or
“(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.”
The district judge found that Mr. Dobyns had made no contribution to the support of his children for more than a year, and that he fell within the provisions of R.S. 9:422.1. However, he further found that Mr. Dobyns loved his children and was interested in their well being. He found that “it would not be justified under the law to deny this particular father the parenthood of his children at this time.” The purport of his opinion is that he wanted to give the father a second chance and felt that he had the discretion to do so. He made no finding as to the best interest of the children.
No adoption may take place in this State without the consent of the natural parents, unless their parental rights have been forfeited, and the necessity of their consent dispensed with, as in the case of abandonment (R.S. 9:401 et seq.) or failure to support (R.S. 9:422.1).
In interpreting R.S. 9:422.1, the Supreme Court said in In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963):
“The basis for requiring the consent of parents to adoption is the natural right of the parent to his child. If a parent does not fulfill his parental responsibilities to his child, there is a reasonable basis for dispensing with his consent. We think the Legislature here was attempting to define conduct which would be a failure of the parent to fulfill his responsibility of support of his child, whereby the parent would forfeit his parental rights.
>¡< ‡ ^ >Jc ‡
“We agree with relator, however, that the provision of the statute dealing with support could only mean that consent is dispensed with when the failure to comply with the order of the court is without just cause. The Legislature never intended by this provision to dispense with consent where the legitimate parent shows that his failure to comply with the court order for support was for reasons beyond his control. It intended that consent be dispensed with only where the parent refuses to comply with the order or fails to comply with the order without justification. To say that the consent of a legitimate parent is not required when his failure to comply with an order of support was due to sickness or some other situation beyond his control would be absurd, and the Legislature never intended for the statute to be given such interpretation.
“ (6,7) Whether a legitimate parent has failed or refused to comply with an order of support so that consent is not required for adoption will, of course, have to depend on the facts of each case. If a parent has arbitrarily and without just cause refused to pay any sum whatever, no problem is presented. Also, if the payments have been insignificant when compared with the amount ordered by the court to be paid the parent cannot show that the failure to pay has been with just cause and therefore excusable, the order to support has not been complied with and consent is not required.”
“Just cause” was held to be a judicial discharge from payment of support in the cases of In re Adoption of Bickerstaff, 190 So.2d 117 (La.App. 4 Cir. 1966) and In re Spraggins, 234 So.2d 462 (La.App. 1 Cir. 1970). There is dicta in In re Hughes, 176 So.2d 158, 164 (La.App. 4 Cir. 1965) that “obstacles which -a vindictive parent with custody has placed between the other parent and the child” might be sufficient to justify a failure of support.
In this case, Dobyns was employed throughout the period in question, and lived with his mother, to whom he occasionally gave some money. He had no excuse for *210 non-payment except that his wife had not demanded the support and he believed that payment was not necessary. He admitted that he knew that his failure to pay support could cause him to lose his parental rights. His complaints that he was hindered in exercising his visitation rights are neither supported by the record, nor an acceptable excuse. In re LaFitte, 247 La. 856, 174 So.2d 804 (1965); In re Adoption of Moody, 201 So.2d 222 (La.App. 2 Cir. 1967).
We conclude that his consent is not necessary to this adoption, and that by virtue of his failure to support his children he has forfeited his parental rights.
In every adoption proceeding, the basic consideration of the judge is the best interest of the child or children involved. R.S. 9:432(B). Even when the consent requirement is satisfied or dispensed with, the adoption should be granted only when it is in the best interest of the child.
We have reviewed the record herein in its entirety, and find that the adoption is manifestly in the best interest of the children. They enjoy a stable environment, a good home, and the love and affection of their mother and adoptive father. We find that the trial judge erred ,n considering the desires of the natural father, who has knowingly forfeited his parental rights. His discretion can be exercised only in the best interest of the children.
The judgment appealed from is reversed, and there will be judgment in favor of applicant, Ronald L. Merrill, dispensing with the interlocutory decree herein, and decreeing the adoption of George Ray Dobyns, III, and Carter Eugene Dobyns by the said Ronald L. Merrill, to the same extent as if they were his legitimate blood children.
It is further ordered that the names of the children be changed to George Ray Merrill and Carter Eugene Merrill, and that the director of the Louisiana State Board of Health be and he is hereby ordered to issue new birth certificates in accordance with law.
It is further ordered that the Clerk of the Family Court shall forward a certified copy of this final decree to the Director of the Department of Public Welfare.
It is further ordered that the Clerk of the Family Court shall forward, on a form supplied by the State Department of Public Welfare, his certificate of this final decree to the Division of Public Health Statistics of the State Board of Health.
All costs are to be paid by George Ray Dobyns.
Reversed and rendered.