MARVIN, Judge.
In an adoption proceeding, the legitimate father opposed his child’s adoption by the child’s stepfather. The stepfather appeals the dismissal of his petition, contending that the consent of the legitimate father is not necessary under R.S. 9:422.1(3)[1] because the father is a nonresident and has failed to support the child for more than one year after a Tennessee judgment awarded custody to the child’s mother.
This is not a case of failure to support, because there is an order for support and the father is complying with that order. We affirm.
We have held that the third condition of R.S. 9:422.1 — the condition upon which petitioner relies — was added to the adoption statute by Act 106 of 1962 to provide for those cases in which there was no order of support against a nonresident father because there was no jurisdiction.
“This condition intended to eliminate the need for a parent’s consent where he failed to support a child and it had been impossible to obtain jurisdiction over him to order him to support the child . .” In Re Stanford, 313 So.2d 849, 851 (La.App.2d Cir. 1975).
Where a support order exists, it is not the third condition, but the second condition of 422.1, which is applicable.
In 1973, the father and mother were divorced in Tennessee. The mother was awarded custody and was enjoined from removing the child from that state without permission of the Tennessee court. The father was granted visitation privileges and was ordered to pay child support through the clerk of that court. Jurisdiction was expressly retained. A few weeks after the divorce, the mother married the petitioner. The father paid the monthly child support as directed and the clerk, in turn, forwarded the payments by mail to the mother at an address in Tennessee.
In 1974, without permission of the Tennessee court and contrary to its injunction, the mother, with the child and the petitioner, moved from Tennessee to Shreveport. A few months later, in December, 1974, on the petition of the father, the Tennessee court ordered its clerk to deposit and retain the support payments in a savings institution for the benefit of the child, and subject to the further order of that court. This 1974 order was made on the father’s allegations that the whereabouts of the mother and the child were unknown and that his visitation rights were being denied. Eventually, about Christmas, 1975, the paternal grandmother learned the child was in Shreveport. The legitimate father learned this within a few weeks, at least during the early spring of 1976, because he opposed an earlier attempt by petitioner to adopt the child, filed in March, 1976, and later abandoned.
The instant proceedings were filed in October, 1976. In this proceeding, the father has shown that he has fully complied with the support order(s) of the Tennessee court.
Even though the mother did not receive notice of the 1974 modification directing the *979 clerk of the Tennessee court as to disposition of the support payments and even though this modification was made on the father’s petition, she was fully aware of the provisions of the original Tennessee judgment in March, 1973. From that time until December, 1974, the father paid the clerk of court as directed. Since December, 1974, the mother has made no attempt to obtain from the clerk of that court the support payments made by the father nor has she attempted to further modify the Tennessee support or injunctive orders. Since December, 1974, the father has been paying the clerk of the Tennessee court as directed in the original order and in the modified order. The parents of the child were residents of Tennessee in 1973, and that court then had and afterwards has expressly retained its jurisdiction. Our concern is whether the father’s consent is dispensed with by the Louisiana statute.
The basis for requiring the consent of a parent to the adoption of his child by another is the natural, as well as legal, parental right arising from parenthood. There is a reasonable basis for dispensing with parental consent and declaring, in effect, forfeiture of parental rights under some circumstances. The Legislature in R.S. 9:422.1 has attempted to define circumstances which warrant forfeiture of parental rights. These circumstances are: (1) the parent’s refusal or failure to comply with a court order for support (422.1(2)); or (2) the nonresident parent’s failure to support the child where no court order exists (422.1(3)). Where an order for the support of a child exists, consent of the parent under R.S. 9:422.1 is dispensed with only where the parent refuses to comply with the order or fails, without just cause, to comply with the order. In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963).
In other circumstances, the provisions of R.S. 9:422.1 have been applied to dispense with parental consent to a child’s adoption by another. See for example, In Re Adoption of Jones, 337 So.2d 283 (La.App.2d Cir. 1976). The father here has neither failed nor refused to comply with the court order requiring him to support his child. He has not forfeited his parental rights and his consent to the proposed adoption is necessary.
At petitioner’s cost, judgment is
AFFIRMED.

. The pertinent provisions of section 422.1 read:
“If the spouse of the petitioner is the legitimate parent of the child . . . then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
“(1) The spouse of the petitioner . [has] been granted custody of the child by a court of competent jurisdiction and
“(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
“(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father . .