369 So.2d 210 (1979)
ADOPTION OF Karl David EDWARDS, Jr.[1]
No. 6863.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*211 McHale, Bufkin & Dees, Michael K. Dees, Lake Charles, for plaintiff-appellant.
John Van Norman, III, Lake Charles, Harold L. Lawson, Columbus, Ohio, for defendant-appellee.
Before WATSON, SWIFT and STOKER, JJ.
WATSON, Judge.
This appeal presents the question of whether the trial court erred in rejecting a petition for adoption of Karl David Edwards, Jr., eight years of age, by his father and stepmother.
Petitioner, Karl David Edwards, the legitimate father, was married on November 20, 1976, to the other petitioner, Sharon L. O'Bryan Priestas Edwards. The Edwards couple has resided in Louisiana since February of 1977. The child's mother is Martha Grace Bryan Baer, now a resident of California. Mr. Edwards and Ms. Baer were divorced on June 5, 1975, while living in the State of Ohio, and Ms. Baer was awarded custody of the child. A subsequent order, effective May 24, 1976, gave custody to Mr. Edwards and granted Ms. Baer the right of reasonable visitation. (TR. 24). The order of the Ohio court giving Mr. Edwards custody did not require Ms. Baer to contribute to the child's support. Both Mr. Edwards and Ms. Baer were represented by counsel at the hearing on the change of custody. The referee's report resulting from that hearing states that the child's welfare was endangered by his mother's custody, because she was neglectful, an itinerant alcoholic, and married to a man who mentally and physically abused the child. The report indicates that Mr. Edwards carried the burden of showing: (1) a change in circumstances; (2) a detrimental environment; and (3) that the interests of the child would be best served by a change of custody.
Mr. Edwards' present wife now seeks to adopt the child. While the petition contemplates adoption by both Mr. and Mrs. Edwards, it is actually the wife who is the party at interest since Edwards is a legitimate parent with custody.[2]
An attorney at law was appointed as curator ad hoc for Ms. Baer; he informed her of the pendency of the proceedings and filed an answer opposing the adoption. An Ohio attorney obtained a continuance for Ms. Baer and filed an opposition, but she was unrepresented at the hearing except by the curator. Various correspondence was filed on her behalf, including a letter from the State of Louisiana Division of Family Services of the Louisiana Health and Human Resources Administration, which advised the trial court that Ms. Baer opposed the adoption but could not afford to attend the hearing.
The testimony of Mr. and Mrs. Edwards was that Ms. Baer had not sent any contributions to the support of her son for a period of one year. Exactly one year prior to the hearing, Ms. Baer sent the child a birthday card and a ten dollar bill.
Kathy Bice, daughter of Ms. Baer, testified that she and her grandmother both knew that the child had been residing with his father and stepmother in Lake Charles. Although Kathy Bice had not advised her mother of that fact, because of limited contacts *212 with her, she said that her mother had lived with the grandmother at times and undoubtedly had knowledge of her son's whereabouts.
Although the trial court refused to allow introduction of the confidential report of the Department of Public Welfare into evidence, the court stated that the report was good and favorable to Mr. and Mrs. Edwards and in no way derogatory or a factor in denying the decree of adoption.
The trial court stated that section (3) of LSA-R.S. 9:422.1,[3] in its opinion, only contemplates a father's failure to send child support and does not apply to mothers. The trial court further reasoned that the sole purpose of allowing adoption despite the opposition of a nonresident parent is the inability of a resident parent to obtain an enforceable judgment of support against a nonresident parent. Since both parties here were residents of Ohio when the change of custody was ordered, Ms. Baer was subject to the jurisdiction of the Ohio court and a judgment ordering her to assist in the child's support could have been ordered. In the absence of such a judgment, the trial court concluded that the intention of section (3) of the statute was not met.
Petitioners have appealed from the trial court's refusal to approve the adoption.
Counsel for Mr. and Mrs. Edwards contends that, if LSA-R.S. 9:422.1 is interpreted to apply only to nonsupport by fathers, it violates Art. 1, § 3, of the La.Const. of 1974, which prohibits arbitrary and unreasonable discrimination because of sex. See Craig v. Craig, 359 So.2d 1119 (La., 1978). We agree that nothing in the language of the statute indicates a sexist interpretation is intended and such an interpretation would be unconstitutional. An interpolation of "husband" for "other legitimate parent" in section (3) is error.
The trial court was not entitled to ignore the clear provisions of the statute in order to serve what was conceived to be the statutory intention.[4] Only when a statute is ambiguous and subject to two reasonable interpretations can the legislative intention be considered. LSA-C.C. art. 13; LSA-R.S. 1:4.
LSA-R.S. 9:422.1, quoted supra, states that when the spouse of the petitioner, here Mr. Edwards, is a legitimate parent of the child, then the consent of the other legitimate parent is unnecessary if either the first and second, or first and third conditions exist. The first condition (that the spouse have legal custody) is met in that Mr. Edwards was granted custody of the child by a court of competent jurisdiction. The second condition (failure to support after being ordered to do so by a court) is not met because Ms. Baer has never been placed under a court ordered obligation or support. However, the third condition (a nonresident's failure to support for a period of one year) is met. Ms. Baer is a nonresident of the state. Mr. and Mrs. Edwards testified that she had not contributed to the child's support for a period of one year. Thus, the first and third requirements have been met, and the adoption should have been granted in the absence of extenuating circumstances or "just cause", a jurisprudential addendum to the statute. In re LaFitte, 247 La. 856, 174 So.2d 804 (1965).
*213 It is generally agreed that the statute must be strictly construed against adoption in order that the legitimate parent's rights may be protected. See Steed v. McKenzie, 344 So.2d 689 (La.App. 1 Cir. 1977); Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966); In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963); and the comment at 29 La. Law Review 178.
The case of In re Adoption of Schieman, 204 So.2d 433 (La.App. 4 Cir. 1967) considered the effect of section (3) on a mother failing to furnish support and stated:
"We can conceive of situations in which the failure of a mother to provide monetary support might bring her within the provisions of LSA-R.S. 9:422.1 subsection (3) but this is not such a case." 204 So.2d 435.
Schieman did not allow the adoption because the mother, with custody of one child, was receiving support payments from the father for that child and was thereby relieved of the obligation of contributing to the support of two other children in the custody of their father.
Other cases state that a spouse is relieved of the obligation of support under certain circumstances. See Steed, supra. A court order that specifically waives the obligation is sufficient. In re Spraggins, 234 So.2d 462 (La.App. 1 Cir. 1970). Here, however, no just cause or extenuating circumstances have been shown.
Even where the statutory requirements are met and the nonsupporting parent has forfeited the right of consent, the adoption can be denied in order to serve the best interests of the child. Where, for example, the parent proposing to adopt has been married for a brief period, there is no abuse of discretion in denying the adoption. Domingue v. Thibodeaux, 200 So.2d 784 (La. App. 3 Cir. 1967). In the instant case, the trial court did not decide against the adoption on the basis of the child's best interests. The record establishes that the proposed adoption would best serve the welfare of the minor. In re Merrill, 246 So.2d 207 (La.App. 1 Cir. 1971). The trial court erred in refusing to approve the adoption.
For the foregoing reasons, the judgment of the trial court herein is reversed.
It is ordered that there be judgment herein in favor of petitioner, Sharon L. O'Bryan Priestas Edwards, dispensing with the interlocutory decree herein and decreeing the adoption to her of Karl David Edwards, Jr.
It is further ordered that the Clerk of the Fourteenth Judicial District Court shall forward a certified copy of this final decree to the Director of the Department of Health and Human Resources.
It is further ordered that the Clerk of the Fourteenth Judicial District Court shall forward, on a form supplied by the office of family services of the Department of Health and Human Resources, his certificate of this final decree to the state registrar.
The fee of the curator ad hoc is fixed at the sum of $150 taxed as costs.
Costs are taxed to petitioners-appellants.
REVERSED AND RENDERED.
NOTES
[1] LSA-R.S. 9:424 provides that in specific terms that:

"The petition shall be styled: `In re ______, applying for adoption.'" The record in the trial court was erroneously captioned as "Adoption of Karl David Edwards, Jr." and we will use that style to avoid confusion. The petition was filed correctly titled as was the judgment signed by the trial court.
[2] LSA-R.S. 9:422

"A single person over the age of twenty-one years, or a married couple jointly, may petition to adopt a child. When one joint petitioner dies, proceedings may continue as though the survivor was a single original petitioner. If one of the spouses is the legitimate parent of the child to be adopted, the other spouse may adopt the child with the written consent of the legitimate parent who need not join in the petition nor be served with a copy thereof. A judgment of adoption awarded to one spouse shall not alter the relationship of the child to the spouse who is the legitimate parent."
[3] LSA-R.S. 9:422.1

"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents."
[4] Dicta, in some of the cases, supports the trial court's interpretation of the statutory intention. See In re Kennedy, 357 So.2d 905 (La.App. 2 Cir. 1978); In re Stanford, 313 So.2d 849 (La. App. 2 Cir. 1975); and 23 La. Law Review 46.