442 So.2d 1369 (1983)
Howard Joseph WYATT, Applying for Adoption, Plaintiff-Appellant,
v.
DEPARTMENT OF PUBLIC WELFARE, and Wayne Earl Webb, Defendants-Appellees.[1]
No. 83-421.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1371 Young & Burson, M. Terrance Hoychick and H. Kent Aguillard, Eunice, for plaintiff-appellant.
Peter C. Piccione, Jr., Lafayette, for defendants-appellees.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
DOMENGEAUX, Judge.
This is an adoption proceeding. The petitioner, Howard Joseph Wyatt, is the stepfather of Leslie Kathleen Webb, the eleven year old minor child. The adoption was objected to and opposed by her legitimate father, Wayne Earl Webb. The stepfather devolutively appeals the judgment denying the adoption.

FACTS
Howard Joseph Wyatt, plaintiff-appellant, filed this petition for the adoption of Leslie Kathleen Webb, a minor. Appellant's spouse, Kathleen Wyatt, is the natural mother of the minor child.[2]
On July 15, 1974, appellant's spouse, Kathleen Wyatt, was divorced from appellee, Wayne Earl Webb, in Jefferson County, Texas. In that judgment, Kathleen Wyatt was awarded custody of their minor child (subject to reasonable visitation privileges), and appellee was ordered to pay child support in the amount of $125.00 per month.
In August, 1975, Kathleen Wyatt and Wayne Webb entered into a written "Child Visitation Agreement," after appellee had filed suit in Texas seeking to set specific visitation privileges. (This suit was later amended by Webb seeking a change in custody from Mrs. Wyatt to him.)
In March, 1977, Mrs. Wyatt obtained a judgment in the First Judicial District Court for Caddo Parish, Louisiana, which recognized and made executory the 1974 Texas divorce decree and child custody grant. No award of child support was ordered however, because that Louisiana court did not have personal jurisdiction over the defendant.[3]
In May, 1977, appellee proceeded with the 1975 suit in the Texas court. Leslie Kathleen Webb was represented by an appointed guardian ad litem. The Court of Domestic Relations for Jefferson County, Texas, changed the original custody decree and appointed Wayne Webb managing conservator, i.e., granting custody of Leslie Kathleen Webb to her father. This modification judgment was obtained by default of Kathleen Wyatt.[4] At all times, both Leslie and her mother remained domiciled in Louisiana.
*1372 In November, 1982, Mr. Webb filed a petition for writ of habeas corpus in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana.[5] On December 10, 1982, plaintiff-appellee, Howard Wyatt, filed a petition for adoption of the minor child, Leslie Kathleen Webb. The trial judge denied the adoption. In the written reasons for judgment, the trial judge stated:
"In my opinion, the evidence does not justify a finding that Mr. Webb has forfeited his paternal rights by his failure to support his child for a period of one year under the provisions of LSA, R.S. 9:422.1. On the contrary, the evidence demonstrates that he supported his daughter as ordered by the Court of Domestic Relations, Jefferson County, Texas, from 1974 to 1977 when visitation and contact with her was made extremely difficult by his former wife, and that he is genuinely dedicated to re-establishing and maintaining his paternal ties with his daughter and fulfilling his paternal obligations towards her."

ISSUES
The appellant makes three specifications of error, contending that: (a) the trial court committed manifest error by finding that the natural father had not waived his right to consent to the adoption; (b) the trial court committed manifest error in finding that the natural mother (appellant's wife) interfered with visitation and contact between the natural father and the child; and that (c) the trial court committed manifest error in its application of the provisions of La.R.S. 9:422.1.

WAIVER OF CONSENT TO ADOPTION
Adoption is in derogation of the natural rights of a legitimate parent to his or her child (and of the child to his or her parent). Rodden v. Davis, 293 So.2d 578 (La.App. 3rd Cir.1974), writ denied, 296 So.2d 832. Therefore, adoption statutes must be strictly construed in favor of the actual parent and against the adoption. Adoption of Edwards, 369 So.2d 210 (La. App. 3rd Cir.1979).
The statutory requirements include La. R.S. 9:422.1 which sets forth the conditions dispensing with parental consent:
"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child then the consent of the other legitimate parent is not necessary when the spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
(2) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.
(3) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child, without just cause, for a period of two years."
In this case, the initial statutory requirement has been met, i.e., the spouse of the petitioner is the legitimate parent of the child. The second statutory requirement has also been satisfied, i.e., the spouse of the petitionerthe natural motherhas been granted custody of the child by a court of competent jurisdiction. The original Texas divorce decree of 1974 granted custody to the mother; this decree was recognized and made executory in Louisiana in March, 1977, in Caddo Parish, and in December, 1982, in St. Landry Parish.
*1373 The father has stipulated that the mother has had physical custody of the child since 1974. The third requirement which dispenses with the consent of the other legitimate parent has been fulfilled as well, i.e., the other legitimate parent is a non-resident of Louisiana and has failed to support the child for a period of one year after judgment awarding custody to the mother. La.R.S. 9:422.1(2). The intent of this provision has been explained by this Court:
"The purpose of the statute, by its very terms, is merely to substitute for consent, otherwise necessary for adoption, the fact of failure to provide support. The support must be court-ordered if the party owing it is within the state; if the party is a non-resident, a court order is not necessary."
Adoption of Latiolais, 376 So.2d 555 (La. App. 3rd Cir.1979), affirmed 384 So.2d 377 (La.1980). The burden of proof is on the person applying for the adoption to establish the existence of conditions contained in this section of the statute under which consent of the legitimate parent is rendered unnecessary. In Re Kennedy, 357 So.2d 905 (La.App. 2nd Cir.1978). We find that petitioner sustained the burden of proof and demonstrated strict compliance with the adoption statute. Burson v. Lasseigne, 337 So.2d 663 (La.App. 3rd Cir.1976).
In addition to the enumerated statutory conditions, the jurisprudence also requires:
"1) that the failure to pay child support must have been without just cause, In re BAS, 424 So.2d 405 (La.App. 2nd Cir.1982), and 2) that the adoption must be in the best interest of the child, Adoption of Latiolais, 384 So.2d 377 (La. 1980)."
In Re MDA, Applying for Adoption, 427 So.2d 1334 (La.App. 2nd Cir.1983).
Mr. Webb claimed that he had two reasons which provided "just cause" for failure to pay child support, namely his former wife's interference with the relationship between father and daughter; and that in 1977 he obtained a Texas decree which appointed him managing conservator of the minor child, i.e., custody, thereby relieving him of any obligation to pay child support. The trial court found that the evidence substantiated Mr. Webb's contentions and therefore the provisions under La.R.S. 9:422.1 did not apply to Mr. Webb. We find that the trial judge committed manifest error by misapplying La.R.S. 9:422.1.
Concerning the 1977 Texas custody decree, in our appreciation of the applicable Texas jurisdictional statute in effect in 1977 [see Tex.Fam.Code and Title 2, Section 11.05 (Vernon)], it appears that the jurisdictional elements involved in the modification decree, which awarded custody by default, were not sufficient to form the basis for an award of custody. See Gunther v. Gunther, 478 S.W.2d 821 (Tex.Civ. App.1972); Maxwell v. Maxwell, 204 S.W.2d 32 (Tex.Civ.App.1947); and Milner v. Gatlin, 261 S.W. 1003 (Tex.Com.App. 1924). Therefore, we conclude that the exercise of jurisdiction to determine the change in custody by the Texas court cannot be relied upon by Mr. Webb to place him outside the provisions of La.R.S. 9:422.1.
As to the issue of the application of La.R.S. 9:422.1, we note that interference with visitation privileges must be preceded by a regular attempt to exercise these rights. The facts of this case show that Leslie's mother and stepfather never tried to conceal Leslie's whereabouts from Mr. Webb, nor did they refuse to let Mr. Webb visit or communicate with Leslie (although Mr. Wyatt candidly stated at trial that he did not encourage Leslie to re-establish a relationship with her natural father). To the contrary, Mrs. Wyatt testified at trial that Mr. Webb always had knowledge of Leslie's home address, either through Mr. Webb's Texas attorney or Leslie's maternal grandmother or Mr. Wyatt's former wife. Mr. Webb admitted at trial that he made no effort to visit Leslie because it was too economically burdensome and that he was advised by his Texas attorney not to submit to personal jurisdiction in Louisiana. Mr. Webb also admitted that he never attempted *1374 to enforce the 1977 Texas custody decree because it would have required him to submit to personal jurisdiction in Louisiana, and further, that the custody decree was only a means to force Mrs. Wyatt to grant more liberal visitation rights, e.g., to allow Leslie to visit in Texas at Mrs. Wyatt's expense. Mr. Webb's failure to make child support payments, under the guise of the 1977 Texas decree simply because he thought he was being denied visitation rights does not constitute an adequate excuse as to the issue of whether the adoption should be permitted. In re Genin, 240 So.2d 46 (La.App. 4th Cir.1970).
Finally, in all adoptions, and particularly the proposed adoption here, a primary factor for the courts to consider is the welfare of the child, or the child's best interest. Domingue v. Thibodeaux, 200 So.2d 784 (La.App. 3rd Cir.1967). We are not concerned here solely with the rights of the legitimate father, but also the best interest of Leslie herself. Adoption of Latiolais, supra, at 378.
"Even where the statutory requirements are met and the nonsupporting parent has forfeited the right of consent, the adoption can be denied in order to serve the best interests of the child. Where, for example, the parent proposing to adopt has been married for a brief period, there is no abuse of discretion in denying the adoption. Domingue v. Thibodeaux, 200 So.2d 784 (La.App. 3 Cir. 1967). In the instant case, the trial court did not decide against the adoption on the basis of the child's best interests. The record establishes that the proposed adoption would best serve the welfare of the minor. In re Merrill, 246 So.2d 207 (La.App. 1 Cir.1971). The trial court erred in refusing to approve the adoption."
Adoption of Edwards, supra, at 213.
We realize that the trial court is not bound to automatically grant the adoption and has some discretion in disallowing the adoption even when the statutory requirements have been met if denying the adoption is based upon extenuating circumstances, and is in the best interest of the child. However, we find no justification in Mr. Webb's failure to uphold his natural and legal parental obligations to support his daughter. We also find that, contrary to the trial judge's determinations, permitting the adoption would be in Leslie's best interest. There appears to exist a healthy relationship of love and affection between Leslie and her stepfather which outweighs any advantage to Leslie of a re-established relationship with her natural father after a six year hiatus.

DECREE
For the above and foregoing reasons, the judgment of the trial court herein is reversed, and it is now Ordered that there be judgment herein in favor of petitioner, Howard Joseph Wyatt, allowing the adoption of Leslie Kathleen Webb by him.
It is further Ordered that the interlocutory decree be dispensed with.
It is further Ordered that the child known to petitioner as Leslie Kathleen Webb be declared, for all legal purposes, to be the child of the petitioner to the same extent as if the child had been born of the marriage between petitioner and his spouse.
It is further Ordered that the name of the child be formally changed to Leslie Kathleen Wyatt.
It is further Ordered that once this judgment becomes final, that the Clerk of the Twenty-Seventh Judicial District Court shall forward a certified copy of this decree to the Director of the Department of Health and Human Resources and also forward, on a form supplied by the Office of Family Services of the Department of Health and Human Resources, his certificate of this decree to the Louisiana State Registrar.
Costs at trial and on appeal are assessed against Wayne Earl Webb.
REVERSED AND RENDERED.
NOTES
[1] La.R.S. 9:424 provides in specific terms that:

"The petition shall be styled: `In re _________, applying for adoption.'"
[2] Howard and Kathleen Wyatt were married on July 24, 1974, in Caddo Parish, Louisiana. The minor child, Leslie, has resided with them since that time.
[3] Mr. Webb was represented in that proceeding by an attorney appointed curator ad hoc.
[4] During the pendency of these proceedings, attorneys representing Mrs. Wyatt and Mr. Webb were conducting negotiations to establish custody in both Louisiana and Texas for Mrs. Wyatt, and specific visitation privileges for Mr. Webb.
[5] At the hearing pursuant to rule held on December 10, 1982, Mr. Webb and Mrs. Wyatt stipulated to visitation privileges and custody of the minor child. A judgment which awarded custody to Mrs. Wyatt and established visitation terms for Mr. Webb was rendered in St. Landry Parish (making executory the judgment of the First Judicial Court for Caddo Parish, Louisiana). This judgment was then made executory in Texas on January 5, 1983.