PER CURIAM.
The appellant, Barbara Gerver, seeks reversal of an order on disbursement of an overage of foreclosure sale proceeds relative to certain real property in which the parties were cotenants.
The order appealed recited that there was remaining in the registry of the Circuit Court in and for Dade County the sum of $15,000.00, representing the balance of funds from the instant foreclosure sale. The court found that Eric Stein, Trustee, was entitled to the sum of $9,808.34 based upon his equitable claim that he paid one-half of a 1980 mortgage payment due on the property in question and that Barbara Gerver, or her predecessor in interest, failed to pay her portion of the 1980 mortgage payment. Accordingly, the court ruled that Barbara Gerver was entitled to the sum of $5,191.66, or the balance remaining in the court registry after deduction of defendant Stein’s $9,808.34 award.
The issue on appeal is whether the trial court was correct in its equitable apportionment of the overage of foreclosure sale proceeds.
As a general rule the payment by one cotenant of an obligation for which all are liable is regarded as the act of all, and the paying cotenant is entitled to have the others refund to him their proportionate shares of the amount paid.
12 Fla.Jur.2d Cotenancy and Partition § 28 at 250 (1979). Stein, who paid 50% of the mortgage payment, was entitled to contribution from cotenant Gerver for the portion of the payment he made which was for her benefit. See Meckler v. Weiss, 80 So.2d 608 (Fla.1955); Berkan v. Brown, 246 So.2d 207 (Fla. 3d DCA 1970), cert. denied, 246 So.2d 111 (Fla.1971). The co-tenancy herein involves two cotenants, Stein and Gerver; Stein made a $9,808.34 mortgage payment, half of which was made for Gerver’s benefit, with no contribution from his cotenant Gerver or her predecessor in interest; Stein is therefore entitled to a 50% contribution from Gerver on this payment, to wit: $4,904.17. Accordingly, it follows that the trial court erred in awarding a $9,808.34 contribution — rather than a $4,904.17 contribution — to Stein.
Therefore, the trial court’s order is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed.