I iCOOKS, Judge,
dissenting.
Citing Kirby v. Albert T.J., 517 So.2d 974, 980 (La.App. 3d Cir.), writ denied, 519 So.2d 107 (La.1987) the Majority concludes Children’s Code Article 1245 requires “significant contacts.”
Children’s Code Article 1245 provides, in pertinent part, as follows:
“A. The consent of a parent as required by Article 1193 may be dispensed with upon proof of the required elements of either Paragraph B, C, or D.
B. When a grandparent has been granted custody of the child by a court of competent jurisdiction and any one of the following conditions exist:
[[Image here]]
(3) A parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.”
Parental right to the care, custody and management is a “fundamental liberty interest warranting great deference and [vigilant] protection under the law. State in the Interest of J., 582 So.2d 269 (La.App. 1st Cir.1991); State in the Interest of Three Minor Children, 558 So.2d 1238 (La.App. 1st Cir.1990). This State’s legislature has imposed statutorily strict procedural and evidentiary requirements which must be met before issuance of a judgment terminating parental rights. State of Louisiana in The Interest of JL, DL, and SL, (La.App. 3d Cir.1994) 636 So.2d 1186; Wyatt v. Department of Public Welfare, 442 So.2d 1369 (La.App. 3d Cir.1983).
It is undisputed that Lawrence attended the child’s baseball games in the |2summer of 1992 and he wrote the child a letter prior to his incarceration. He also visited the child in April, 1993 after his release from prison. The Majority and the trial court found these contacts were “insignificant.” Thus, they concluded Lawrence’s consent to the adoption was unnecessary.
Children’s Code Article 1245 does not contain any language which impliedly or otherwise lends credence to the Majority’s “significant contact” interpretation. On the contrary, the article clearly requires a parent’s refusal to communicate or attempt to communicate for a period of two years. Since *690 Lawrence did communicate with the child, his consent to the adoption was necessary. Further, the father’s lack of contact must be without just cause. The father’s incarceration was not voluntary.