liSAUNDERS, Judge.
Defendant, Jody Lynn Galley, appeals the judgment of the trial court granting the plaintiffs’ petition for adoption of his natural daughter based on his failure to pay a significant amount of child support payments within a year of the filing of the petition. For the following reasons, we reverse.

FACTS

Jody Lynn Galley and Renee’ Baker (now Mrs. Renee’ German) were married on April 11, 1990, and subsequently divorced on October 23, 1992. Morgan Saige [2Galley, the child at issue in this adoption, was born during the marriage on August 13, 1991. Renee’ Galley subsequently married Stephen Duane German on June 17,1993.
In the 1992 judgment of divorce, Mr. Galley was ordered to pay $275.00 per month as child support and one-half of any medical bills not covered by insurance for the child’s benefit. Mr. Galley was awarded specific visitation, wherein he and Mrs. German were granted joint custody of the child. On June 28, 1994, a judgment was rendered reducing Mr. Galley’s child support obligation to $265.00 a month, retroactive to May 15, 1994. On December 9, 1994, a subsequent stipulated judgment was signed wherein visitation was to be reasonable “as to be determined between the parties.”
On two Occasions, due to Mr. Galley’s failure to fulfill -his support obligation, Mrs. German filed a rule to make past-due support executory. On June 28,1994, Mr. Galley was found by the trial court to be in arrears in the amount of $2,580.00, and on February 12, 1997, he was found to be in arrears in the amount of $5,865.00 since the previous ar-rearage judgment..
Mr. Galley alleges that his failure to consistently fulfill his support obligation is a result of the unstable nature of his employment as a construction worker. Additionally, Mr. Galley claims that he withheld certain child support payments due to his ex-wife’s refusal to allow him visitation.
Stephen German, the stepfather of Morgan Galley, instituted proceedings to adopt Morgan on April 4, 1997, with the consent of Renee’ German. The petition alleges that Mr. Galley “has failed and refused to comply with court-ordered support for a period of one year within the meaning of Article 1245(D)(1) of the Louisiana Children’s Code and has failed to visit, communicate with or attempt to communicate 13with Morgan Saige Galley without just cause for a period of two years within the meaning of Article 1245(D)(2) of the Louisiana Children’s Code.”
In his answer and reconventional demand, Mr. Galley claims that he has paid child support for the minor child within the past year and additionally has attempted to visit the child as often as possible, but was usually denied visitation by Mrs. German. After a hearing on September 15, 1997, the - trial judge ruled in favor of the petitioners granting the adoption on September 22, 1997. The trial court’s Final Decree and Judgment was rendered on October 14, 1997. In his written reasons for judgment, the trial judge stated that “it was clear that Mr. Galley has not maintained a close relationship with his daughter and he has not ... exercised his right to obtain information concerning his child’s activities.... ” Furthermore, the trial court noted “that no action on behalf of Mr. Galley was ever instituted to address his allegations with regard to restricted visitation by Mrs. German until after the adoption was filed.” The trial court also focused on the positive testimony regarding the child’s relationship with her stepfather, as wéll as Mr¡ Galley’s arrearage of past-due child support.
From this judgment, Mr. Galley appeals, alleging several assignments of error. Mr. Galley alleges that the trial court erred in the following respects:
(1) In evaluating the best interest of the child;
(2) in determining that the natural father was the party upon which the burden of proof was imposed in establishing that the adoption was not in the best interest of the minor child;
(3) in determining that the natural father’s child support payments did not constitute “significant payment” thereby losing his right to object to the adoption of his minor daughter; and,
*1036 (4) in determining that the natural father has not attempted to maintain a close relationship with his daughter.

LAW AND ARGUMENT

|4The paramount issue before us on appeal is whether the trial judge erred in granting the adoption in favor of the petitioners without the parental consent of Mr. Galley. Ordinarily, consent to the adoption of a child or relinquishment of parental rights shall be required by both the mother and father of the child, provided said child is legitimate or if the father is presumed to be the father of the child in accordance with La.Civ.Code arts. 184-186. See La.Ch.Code art. 1193. However, an exception to the consent requirement is found in La.Ch.Code art. 1245, which reads as follows:
Art. 1245. Parental consent not necessary
A. The consent of a parent as required by Article 1193 may be dispensed with upon proof of the required elements of either paragraph B, C, or D.
[[Image here]]
D. When a parent lawfully exercising actual custody of the child is married to a stepparent petitioner and either of the following conditions exist:
(1) the other parent has refused or failed to comply with a court order of support for a period of one year.
(2) the other parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
The trial court found that Mr. Galley relinquished the necessity for consent pursuant to Part D(l) of the above statute. The trial judge stated “that the father has relinquished his right to withhold consent by his failure to pay a significant support payment within a year of the filing of the petition for adoption.”
Although the trial court questions Mr. Galley’s closeness with his daughter, the evidence in the record establishes that Mr. Galley has visited and communicated with the child in an amount sufficient to circumvent the application of Part D(2) of Article 1245. As such, we will focus on whether Mr. Galley has refused or failed to comply |swith his support obligation for a period of one year prior to the filing of the petition for adoption.
At the outset, we emphasize that in determining whether the adoption was appropriate under the above statute the following overriding principle should be kept in mind:
Adoption is in derogation of the natural rights of a legitimate parent to his or her child (and of the child to his or her parent). Rodden v. Davis, 293 So.2d 578 (La.App. 3rd Cir.1974), writ denied, 296 So.2d 832. Therefore, adoption statutes must be strictly construed in favor of the actual parent and against the adoption. Adoption of Edwards, 369 So.2d 210 (La.App. 3rd Cir.1979).
Wyatt v. Dept. of Public Welfare, 442 So.2d 1369, 1372 (La.App. 3 Cir.1983). (Emphasis added).
In interpreting La.Gh.Code art. 1245(D)(1), previously codified in La.R.S. 9:422.1, the Louisiana Supreme Court in Haynes v. Mangham, 375 So.2d 103 (La.1979) took a “common sense” interpretation of the statute in stating: “ If a parent under court order to support a child has not made a significant support payment within a year prior to filing of the petition for adoption, that parent loses the right to prevent the adoption by withholding consent.” (Emphasis added).
Furthermore, “Haynes ... requires rather than precludes consideration of the amount of accumulated arrearage in evaluating whether significant support payments have been made in the year before institution of adoption proceedings.” Anderson v. Ramer, 27,469 (La.App. 2 Cir. 9/27/95); 661 So.2d 584, 586. Haynes also suggests that a “ ‘token’ payment of a nominal sum within a year of the adoption” will not prevent the application of the statute before us. Haynes, 375 So.2d at 106. However, “significant support has been defined as being something only in the range of twenty to thirty percent of the alimentary obligation.” In re Adoption of Broussard, 469 ]f;So.2d 454, 456 (La.App. 3 Cir.), writ denied, 474 So.2d 1303 (La.1985), *1037 citing In re May, 441 So.2d 500 (La.App. 2 Cir.1983).
In addition to establishing the failure to provide support, petitioners also have the burden of showing:
“1) that the failure to pay child support must have been without just cause, In re Bas, Applying for Adoption, 424 So.2d 405 (La.App. 2nd Cir.1982)q, and 2) that the adoption must be in the best interest of the child, Adoption of Latiolais, 384 So.2d 377 (La.1980).”
Wyatt v. Dept. of Public Welfare, 442 So.2d 1369, 1373, citing In re MDA, Applying for Adoption, 427 So.2d 1334 (La.App. 2 Cir. 1983).
In light of the above jurisprudential principles, we must determine whether, under the particular circumstances of the case before us, Mr. Galley’s child support payments are “significant” for the purpose of preventing the application of La.Ch.Code art. 1245(D)(1). If Mr. Galley’s child support payments are found to be significant, his consent to the adoption of his natural child may not be vitiated by La.Ch.Code art. 1245, and we need not address the subsequent hurdles required of the petitioners regarding the establishing that the non-payment was without just cause or that the adoption is in the best interest of the child.
The uneontested facts before us establish that Mr. Galley, in the year proceeding the filing of the petition for adoption, paid $675.00 of $3,180.00 owed, or 21.23 percent. Regarding his amount of arrearage, he has paid $5,365.00 of $16,090.00 owed or 33.34 percent. Mr. Galley argues that the inconsistencies in his payment of support are the result of the speculative nature of his employment as a construction worker. He also alleges that these withholdings came in response to the lack of cooperation of his ex-wife in fulfilling his entitlement to visitation. We find neither of these arguments compelling nor reasonable excuses for withholding support. Nevertheless, Mr. Galley’s support payment for the year preceding the filing 17of the petition for adoption does fall within the 20 to 30 percent range set forth above. Furthermore, the fact that his amount of total arrearage reflects a higher percentage paid shows, at least, that Mr. Galley was attempting to provide some sort of support for his child.
Considering these facts, along with the strict construction of adoption statutes afforded in favor of the natural parent, we find that the trial judge erred in determining that the Germans sustained their burden of proving that Mr. Galley’s consent to the adoption is unnecessary, due to his having failed to support the child pursuant to La.Ch.Code art. 1245(D)(1).

DECREE

In light of the foregoing, the holding of the trial court granting the adoption in favor of petitioners is reversed. The parental rights of Jody Lynn Galley with respect to his natural daughter, Morgan Saige Galley, are hereby reinstated. This matter is remanded to the district court in order that the Final Decree and Judgment rendered on October 14,1997, may be amended to comply with the opinion stated herein. All costs at the trial court level and of this appeal are assessed to appellee, Stephen Duane German.
REVERSED AND REMANDED.