204 So.2d 433 (1967)
In the Interest of ADOPTION of Pamela Lynn SCHIEMAN and Cheryl Ann Schieman, Minors.
No. 2776.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
Joseph Grefer, Gretna, for petitioner-appellant.
Walter R. Fitzpatrick, Jr., New Orleans, for respondent-appellee.
Before HALL, BARNETTE and JANVIER, JJ.
HALL, Judge.
This is an appeal from a judgment of the Juvenile Court for the Parish of Jefferson denying a petition for adoption of two children under seventeen years of age. The petition was brought by their stepmother and was opposed by their legal mother. The opposition was sustained and the petition was dismissed. The stepmother, petitioner, has appealed.
The petitioner, Mrs. Beverly Floy Weigel Schieman, was married to Frank Walter Schieman on August 26, 1964. Mr. Shieman had previously been married to Patricia Ann McKibben, mother of the children from whom he was divorced. Patricia Ann McKibben is now the wife of *434 Dean deLeat and resides with her husband in the State of Georgia.
During the marriage of Mr. Schieman and Patricia Ann McKibben, the child Pamela Lynn, born May 29, 1957 was legally adopted by them through the Juvenile Court for the Parish of Orleans. Thereafter on April 1, 1959 the child Cheryl Ann, was born of their marriage. These are the two children subject of this proceeding. Another child was also born of that marriage and is presently living with her mother in Georgia.
By judgment of the Civil District Court for the Parish of Orleans a judgment of separation was granted in favor of Frank Walter Schieman and against Patricia Ann McKibben Schieman. By the terms of that judgment, dated January 22, 1964, Mrs. Schieman was granted custody of the younger child, Brenda Marie, and Mr. Shieman was ordered to pay $125.00 per month for her support. Both parties were granted "reasonable rights of visitation."
Patricia Ann Schieman was granted a judgment of divorce from Frank Walter Schieman by the Circuit Court for Dade County, Florida, August 18, 1964 and within a few days they were both married to their present spouses.
The adoption statute makes special provision for the adoption of step children without consent of the other legitimate parent under certain conditions. The pertinent portions of LSA-R.S. 9:422.1 as amended are as follows:
`If the spouse of the petitioner is the legitimate parent of the child * * *, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
"(1) The spouse of the petitioner * * * have [has] been granted custody of the child by a court of competent jurisdiction and
"(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
"(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father * * *"
The petitioner, being the spouse (wife) of the legitimate parent (father) who was granted custody of the children by a Court of competent jurisdiction, seeks to avail herself of the foregoing provisions of adoption without consent of the mother in that the mother has forfeited her right to oppose adoption under subsection (3).
The addition of subsection (3) by Act 106 of 1962, we think clearly reflects the intention of the Legislature to strengthen this section so as to provide a method by which the consent of a deserting parent (usually the father) would not be required for adoption in the limited situations mentioned. It frequently happens that the parent leaves the state before a court order of support as required in subsection (2) can be imposed. Subsection (3) takes care of this situation.
The forfeiture of parental right is based upon the failure of the parent, without just cause, to discharge the duties and responsibilities of parenthood. The failure to provide monetary support is one of the responsibilities which this statute attempts to spell out specifically, and which alone, in a proper case, is sufficient ground upon which to dispense with the need of parental consent for adoption, and may be proven in the adoption proceeding. In all other cases where forfeiture of parental rights is based upon general or specific acts or conduct manifesting an attitude of indifference and disregard for the welfare of the child or children "under circumstances showing an intention to permanently avoid all parental responsibilities" the right to adopt without parental consent must first *435 be established by judgment of the Court in an abandonment proceeding under LSA-R.S. 9:403. For this reason we will not consider the general allegations and testimony of the mother's alleged failure to communicate with the children, or otherwise demonstrate her interest in them over a long period of time. We will limit our consideration to the question of forfeiture of parental rights by failure to contribute to their monetary support.
Appellant relies on LSA-C.C. Art. 227 which provides as follows:
"Art. 227. Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
We can conceive of situations in which the failure of a mother to provide monetary support might bring her within the provisions of LSA-R.S. 9:422.1 subsection (3) but this is not such a case. In Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966) the Supreme Court pointed up the applicability of subsection (3) to a nonresident parent "* * * charged with the responsibility of supporting a child * * *." The mother was relieved of any obligation imposed by C.C. Art. 227 to contribute monetary support by the effect of the judgment of the Civil District Court of January 22, 1964.
That judgment, as above pointed out, granted custody of the two older children to the father and the younger one to the mother. It ordered the father to pay support for the younger child of $125.00 per month. No possible interpretation can be given to this except that the mother was relieved of the obligation of monetary support of the two older children. It would have been vain if not contradictory, at the same time, to order the mother also to pay a sum to the father for support of the children in his custody. Therefore the essential requirements of LSA-R.S. 9:422.1 have not been met.
Under the circumstances presented by these facts there can be no adoption of Pamela Lynn and Cheryl Ann without the consent of their mother.
For these reasons, the judgment denying adoption and dismissing the petition is affirmed at appellant's cost.
Affirmed.