234 So.2d 462 (1970)
In re J. W. SPRAGGINS, Applying For Adoption.
No. 7955.
Court of Appeal of Louisiana, First Circuit.
April 13, 1970.
John R. Sheppard, Baton Rouge, for appellant.
Cyrus J. Greco, Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and PICKETT, JJ.
PICKETT, Judge.
J. W. Spraggins, with the alleged consent of his wife, availing himself of the provisions of R.S. 9:422.1, instituted this proceeding in the Family Court of East Baton Rouge Parish, Louisiana, to adopt his two minor step-children, Charles Franklin Michael, and George Michael Koutsounadis, without the consent of their father, Michael George Koutsounadis, a resident of the County of Shenandoah, Virginia. The father of said minors intervened and opposed the adoption under a petition of intervention and an exception of no cause of action. The exception was sustained and the petition dismissed. The step-father, petitioner, has appealed.
The petitioner's pleadings and annexed documents show that Charles Franklin Michael, and George Michael Koutsounadis were born May 12, 1961 and January 22, 1963, respectively, in the state of Virginia, issue of the marriage of Mattie Pearl Jenkins Koutsounadis and Michael George Koutsounadis. These parties were divorced in Shenandoah County, Virginia, November 10, 1966, but no adjudication of the legal custody of said minor children was made at that time. But on June 5, 1967, the original decree was revised by the Circuit Court of Shenandoah County, Virginia, and the custody of the two children here involved was awarded to Mattie Pearl Jenkins Spraggins, their legal mother, subject to reasonable visitation rights of their father, Michael George Koutsounadis. The same decree further provided that the children's father was relieved of any financial responsibility for the support and maintenance of said children.
The petitioner was married to Mattie Pearl Jenkins Spraggins on November 30, 1966, and they established their matrimonial *463 domicile in East Baton Rouge Parish, Louisiana, where it has remained to the present time. The said children have resided in the home of petitioner from the time of his marriage to their mother to the present time.
The appellant contends that because the father of said minors is a non-resident of the State of Louisiana and has not contributed to their support for a period of more than one year after the decree awarding custody to the mother, it is not necessary to secure the consent of the minors' father for the reason that he has forfeited his parental rights by failing in his responsibility of support for the children. The petitioner relies upon the provisions of R.S. 9:422.1, the pertinent portions of which are as follows:
"If the spouse of the petitioner is the legitimate parent of the child * * *, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner * * *, have (has) been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused and failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father * * *"
For the purposes of the determination of the issues raised by the exception of no cause of action filed by the intervenor-appellee, all of the well-pleaded facts of the petition of the appellant must be accepted as true. C.C.P. Art. 927(4). Hence it must be conceded that the petitioner is the spouse of the legitimate parent of the children, sought to be adopted, and that the petitioner's wife was granted custody of said children by a court of competent jurisdiction.
It is further conceded that the intervenor-appellee is a non-resident of the State of Louisiana and has not paid any child support in more than one year since the custody of the children were awarded to their mother. However, the intervenor-appellee contends that he has not forfeited his rights to oppose the adoption under subsection 3, of the foregoing provisions of the adoption statute for the reason that a court of competent jurisdiction has relieved him of any financial responsibility for the support and maintenance of his said minor children. The same decree that awarded the custody and care of the said minor children to the mother, also, provided the following:
"The Court doth further DECREE that the Complainant, Michael Koutsounadis, be and he is hereby relieved of any financial responsibility for the support and maintenance of said infant children."
Adoption is a creature of statutory law, and in order to establish such a relation, the statutory requirements must be strictly carried out. In the case of In re Ackenhausen, 244 La. 730, 154 So.2d 380, the Supreme Court said:
"It is the settled jurisprudence of this court that adoption statutes are to be strictly complied with, In re Brandis' Estate, 153 La. 195, 95 So. 603; Owles v. Jackson, 199 La. 940, 7 So.2d 192; State ex rel. Simpson v. Salter, 211 La. 918, 31 So.2d 163; and it was said in a footnote in Green v. Paul, 212 La. 337, 31 So.2d 819, that laws providing for adoption must be given a strict construction as they are in derogation of the natural right of a parent to his child."
In the case of In re Adoption of Schieman, La.App., 204 So.2d 433, the court had under consideration the applicability of subsection (3) of R.S. 9:422.1, where in a judgment of separation the custody of the two older minor children were awarded to *464 the father, and the younger of their three children was awarded to the mother. The father was ordered to pay a monthly sum for the support of the younger child. A divorce was subsequently granted and both parties remarried. The stepmother of the two older children petitioned for their adoption without the natural mother's consent on the ground that the mother had failed to contribute to the children's support for more than one year. The court held that no possible interpretation could be given the judgment except that the mother was relieved of the obligation of monetary support of the two older children; and that the mother had not forfeited her right to prevent the adoption without her consent.
The trial court in written reasons for judgment, referring to the Schieman case, said:
"In that case, the mother was awarded custody of the youngest child of the marriage; whereas, the father was awarded custody of the two older. The father was ordered to pay child support for the child in possession of the mother; but for obvious reasons, the mother was not ordered reciprocally to pay child support for the two children remaining with the father. For the Court to have done otherwise would have been ridiculous. This amounted to relieving the mother of the duty to financially support."
We feel, as did the trial court, that the intervenor-appellee was specifically relieved of any financial responsibility for the support of his said minor children by the judgment of a court of competent jurisdiction. As the legitimate parent of the children whose adoption is sought by the appellant, it is necessary that the consent of Michael George Koutsounadis be first obtained.
For reasons assigned, the judgment sustaining the exception of no cause of action and dismissing the petition of the appellant is affirmed at appellant's cost.
Affirmed.