de la HOUSSAYE, Judge.
This is an action brought by Huey P. Martin for collection of a real estate commission allegedly due him by T. Joe Callo-way. The Trial Court awarded Martin the sum of Two Thousand and No/100 ($2,000.00) Dollars. We affirm.
Martin alleges that Calloway was indebted to him in the amount of Twelve Thousand Five Hundred and No/100 ($12,500.-00) Dollars due to a commission related to the sale of some of Calloway’s property. The testimony during the trial reflects that Martin was employed by Calloway to find a buyer for three hundred (300) acres of land owned by Calloway in Ascention Parish. It was undisputed that defendant, Calloway, orally agreed to pay plaintiff, Martin, as a commission, any amount the property could be sold for over and above One Hundred Twenty Thousand and No/100 ($120,000.00). It was further uncontested that Martin found a purchaser, J. Alvin Triche. Testimony by the plaintiff, defendant, and Triche established that a written purchase agreement had been entered into by Calloway and Triche, but that this purchase agreement had been lost.
Testimony of the above three parties indicated that Calloway had made a payment of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars to Martin as partial payment of any realtor fees due him.
It is at this juncture that all of the parties herein begin to disagree. Mr. Triche testified that the purchase agreement had provided for a purchase price of One Hundred Twenty-Six Thousand and No/100 ($126,000.00) Dollars. Mr. Calloway stated that his recollection of the terms of the purchase agreement, while hazy, indicated that the purchase price was One Hundred Twenty-Five Thousand and No/100 ($125,000.00) Dollars. Mr. Martin maintained throughout the trial that the price was really One Hundred Thirty-Five Thousand and No/100 ($135,000.00). By his own admission, Calloway was indebted to Martin for the amount of Five Thousand and No/100 ($5,000.00) which would be the correct figure assuming the purchase price of One Hundred Twenty-Five Thousand and No/100 ($125,000.00) was correct.
As stated earlier, all parties concurred in the fact of a Two Thousand Five Hundred ($2,500.00) Dollar partial payment to Martin of his commission by Calloway, but Calloway alleges that he paid the remaining Two Thousand Five Hundred and No/100 ($2,500.00) Dollars to Martin at a later date. There was no evidence present *527 ed of any kind supportive of Calloway’s assertion of this second payment; therefore, the Trial Court determined that Martin had received only payment of Two Thousand Five Hundred and No/100 ($2,500.00). The Trial Court further determined after considering all the evidence and the credibility of the witnesses that, the actual purchase price was for the amount of One Hundred Twenty-Six Thousand and No/100 ($126,000.00) Dollars.
By its own computation, the Trial Court then determined that, since Calloway had paid Martin Two Thousand Five Hundred and No/100 ($2,500.00), he was still indebted to Martin in the amount of Three Thousand Five Hundred and No/100 ($3,500.00) Dollars for a total of Six Thousand and No/100 ($6,000.00) owed to Martin as realtor fees. Accordingly, judgment was rendered on April 5, 1974.
On April 9, 1974, counsel for Calloway made application for a new trial on the basis that Calloway had discovered the written purchase agreement executed between himself and J. Alvin Triche. Shortly thereafter, a joint stipulation between the attorneys for Martin and Calloway was entered into the record. It stated that at the time this suit was originally tried, the purchase agreement between Triche and Callo-way, which was the subject of this litigation, could not be located. Subsequently, and after judgment, the purchase agreement was located and it stated that the purchase price was to be One Hundred Twenty-Four Thousand Five Hundred and No/100 ($124,500.00) Dollars.
Based on this new evidence, the Trial Court amended its judgment and found Calloway to be indebted to Martin for the sum of Two Thousand and No/100 ($2,000.00) Dollars.
Defendant Calloway has appealed this decision on the basis that all of the discrepancies inherent in Martin’s testimony dissolve any probative value the Court may have originally given it. On the other hand, Calloway argues that his (Callo-way’s) testimony concerning full payment should have been given full credence.
Pretermitting the question of credibility of the parties, we find that the Trial Court properly denied credit for the allegedly second payment of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars, because defendant Calloway did not carry the burden of proof required by this affirmative defense, i. e., payment. LSA-C. C.P. 1005; Fontenot v. LaFleur, 281 So.2d 868 (La.App. 3rd Cir. 1973).
An affirmative defense must be proved by a preponderance of the evidence. Crescent Cigarette Vending Corp. v. Toca, 271 So.2d 53 (La.App. 4th Cir. 1972). Defendant introduced no evidence whatsoever to substantiate his claim of payment, and without such proof, he has failed to carry the burden of proof.
Accordingly, the judgment of the Trial Court ordering defendant Calloway to pay Huey P. Martin the additional sum of Two Thousand and No/100 ($2,000.00) Dollars as realtor’s fee is affirmed. All costs of this appeal are to be borne by Appellant.
Affirmed.