330 So.2d 405 (1976)
In re William Harris BERRY, applying for Adoption, Plaintiff and Appellee,
v.
Jack Ronald BERRYHILL, Defendant and Appellant.
No. 5425.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1976.
*406 Edward E. Roberts, Jr., Alexandria, for defendant and appellant.
Alfred B. Shapiro, Alexandria, for plaintiff and appellee.
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
CULPEPPER, Judge.
The plaintiff, William Harris Berry, seeks to adopt the two legitimate minor children of his wife, Patricia, born of her previous marriage to the defendant, Jack Ronald Berryhill. Plaintiff contends the consent of the defendant to the adoption is not necessary because defendant failed to comply with a court order of support for a period of one year within the meaning of LSA-R.S. 9:422.1. The defendant admits his failure to support his minor children, but contends it was beyond his control to pay such support since he was in prison in Texas. The district judge granted the petition for adoption. Defendant appealed.
The decisive issue on appeal is whether the defendant carried his burden of proving the affirmative defense that his failure to pay child support during the year immediately following the court order was because he was incarcerated within one year after the court order.
The pertinent facts are that the mother of the children was married first to the defendant, Jack Ronald Berryhill, in Harris County, Texas on March 11, 1960. Of this marriage were born the two children herein sought to be adopted. On May 9, 1968, the mother was granted a divorce from the father in Brazos County, Texas. The judgment of divorce awards custody of the two children to the mother and orders the father to pay child support in the sum of $15 per week.
The report of the investigation by the Division of Family Services, Louisiana Health and Human Resources Administration, shows that Berryhill was arrested in Texas in May of 1969 for robbery by assault. He was sentenced to the Texas State Penitentiary in October of 1969. At the time this suit was filed, Berryhill was still incarcerated in the Texas State Penitentiary. An attorney was appointed to represent him in these proceedings. The attorney contacted Berryhill, who advised that he wished to oppose the adoption.
At the first hearing of this matter on July 21, 1975, the mother of the children testified that Berryhill had failed to pay any of the child support payments ordered by the divorce judgment of May 9, 1968. She said that about a year or two after the divorce, she learned that defendant was in prison. After this testimony on July 21, 1975, the hearing was continued to a later date for the submission of evidence by the defendant.
On December 16, 1975, the hearing of the case was completed. Defendant's attorney filed in evidence without objection a notarized statement by defendant that he opposed the adoption. He does not contend he has made any support payments as ordered by the court. His only contention is that he was unable to make support payments since he was in prison.
Neither this affidavit, nor any other evidence introduced by the defendant, shows the date on which defendant was incarcerated. The only evidence on this question *407 is, as stated above, that the report of the investigation by the Division of Family Services shows that Berryhill was arrested in May of 1969 and that he was sentenced in October of 1969.
LSA-R.S. 9:422.1 provides in pertinent part:
"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
"(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
"(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or"
In the case of In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963) the court construed the second condition of the statute, quoted above, concerning the failure or refusal of the parent to comply with a court order of support for a period of one year. The court held that if the failure to pay is due to sickness or some other cause beyond the control of the parent, he may prove this as an excuse for nonpayment. See also the later case of In Re LaFitte, 247 La. 856, 174 So.2d 804 (1965).
Under this jurisprudence, the defendant in the present case contends his failure to pay child support was beyond his control because he was in prison. However, we do not reach a decision of this question, because defendant has failed to prove the date of his incarceration. The only evidence in the record shows that he was arrested on some unknown date in May of 1969, and that he was sentenced to prison in October of 1969.
The plaintiff proved a prima facie case under LSA-R.S. 9:422.1. He proved that he is married to the legitimate mother of the children, that the mother was granted custody of the children in the divorce decree by a court of competent jurisdiction, and that the legitimate father has failed for a period of more than one year to comply with the court order of support. The defendant's contention that he is excused from paying the support because he was in prison is an affirmative defense under LSA-C.C.P. Article 1005, which defendant had the burden to prove. Martin v. Calloway, 303 So.2d 525 (La.App.1974); New Amsterdam Casualty Company v. Culotta, 230 So.2d 339 (La.App.1970).
Defendant offers no excuse for his failure to pay during the period from the date of the court order on May 9, 1968 to the date on which he was imprisoned. In order to show that his excuse for nonpayment began within one year following the court order of support, it was incumbent upon defendant to prove the date of his incarceration. Having failed to do so, the statute must be applied against him as written.
Under the conclusion which we have reached, it is unnecessary for us to decide the question of whether the willful and voluntary commission of a crime, leading to imprisonment, constitutes during incarceration a cause beyond the control of the defendant for his failure to pay support.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
Affirmed.