393 So.2d 925 (1981)
In re Lance Joel RAGAS, Jr., Applying for Adoption of Lara Mischelle Williams.
No. 11564.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
Bubrig & Scandurro, Dominick J. Scandurro, Jr., Buras, and Carl W. Cleveland & Associates, Dawn Barrios, New Orleans, for appellant.
Emile E. Martin, III, Belle Chasse, for appellee.
*926 Before GARRISON, CHEHARDY and STOULIG, JJ.
CHEHARDY, Judge.
Petitioner, Lance Joel Ragas, Jr., appeals a juvenile court decision denying his petition to adopt his stepdaughter, Lara Mischelle Williams, because of the absence of consent of the child's legitimate father, Robert Franklin Williams.
The record reveals that Deborah Ann Walley and Williams were married in Hines County, Mississippi, on January 4, 1976. One child, Lara Mischelle, was born to the parties on July 21, 1976. On September 12, 1978, Walley was granted a consent divorce judgment in Mississippi on grounds of habitual cruel and inhuman treatment. The decree also recited that Williams would have no rights of visitation nor would he be required to pay child support.
Ragas was married to Walley on September 28, 1978 and on September 10, 1979, he petitioned the court to allow him to adopt Lara Mischelle under the provisions of LSA-R.S. 9:422.1, claiming the father had failed to support the child for a period of one year following the judgment awarding custody to the mother.
Williams, a resident of Mississippi, answered the petition alleging that his failure to support the child was due to circumstances beyond his control, that he had been unable to secure gainful employment since his divorce from Walley and asking that Ragas' petition be dismissed.
The record establishes that it is the opinion of Dr. Richard W. Naef, Williams' physician who specializes in neurology and psychiatry, after treating him since January 29, 1974, that Williams has mild mental retardation as well as a severe recurring convulsive seizure disorder. Dr. Naef said Williams is an epileptic who must take a fairly large dose of a variety of anticonvulsive drugs in an attempt to prevent seizures, a condition which he has had since the age of 18 months. Dr. Naef also said Williams appears mildly intoxicated because he must take such large doses of the anticonvulsive medicines and he added Williams' condition had not improved during the four years he had treated him. It was also Dr. Naef's opinion that although Williams is a pleasant, reasonable and cooperative young man who is physically strong and would welcome the opportunity for work, he does not qualify for employment and is unable to perform a normal day's work.
The testimony of Williams regarding jobs he had tried to secure (some of which he had actually held for short periods of time since his divorce from Walley) reinforces his physician's opinion that, although Williams attended school through the ninth grade and subsequently received training to be a diesel mechanic, he has been unable to secure any lasting employment in the labor market.
Williams, his mother and his sister also testified many of his seizures occur early in the morning, interfering with his ability to get to a job at the scheduled time. Both Williams and his mother also told of his attempts to send Walley checks for small amounts (and a birthday gift for the child), all of which were returned to him unopened. Williams had also tried, as had his mother, to reach Walley by phone regarding the child; however, their calls were not returned.
Walley also testified that Williams was a homosexual, that he smoked marijuana, that he abused drugs, and that she saw him kissing another man; Williams, however, admitted only to smoking marijuana, eating mushrooms and the one act of kissing a person of the same sex, which he could not explain.
The statute under which Ragas seeks to adopt his stepdaughter, LSA-R.S. 9:422.1, states:
"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:

*927 (1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents."
The applicable jurisprudence surrounding this issue was stated in Adoption of Rapp, 348 So.2d 107 (La.App. 4th Cir. 1977), wherein the court said at page 109:
"It is well-settled that adoption statutes are in derogation of a natural right and must be strictly construed. See Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966); In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963). Equally well-settled is the rule that the consent of both parents is required before an adoption will be decreed, except in those instances where parental consent has been specifically dispensed with by law. LSA-R.S. 9:422.1; In re Genin, 240 So.2d 46 (La. App. 4th Cir. 1970). Furthermore, where the failure to support the child has been based on just cause or reasons beyond the parent's control, the parent is not deprived of his right to give his consent. See In re Hughes, 176 So.2d 158 (La.App. 4th Cir. 1965); In re Adoption of Bickerstaff, 190 So.2d 117 (La.App. 4th Cir. 1966), writ refused, 249 La. 770, 191 So.2d 144 (1966); In re Adoption of Schieman, 204 So.2d 433 (La.App. 4th Cir. 1967); In re Spraggins, 234 So.2d 462 (La.App. 1st Cir. 1970)."
The court also said in Adoption of Latiolais, 376 So.2d 555 (La.App.3d Cir. 1980), at page 560:
"* * * Thus far, just cause appears to mean nothing more than that failure to support is beyond control of the parent owing it. Moreover, the beyond control test has been liberally applied in favor of the nonsupporting parent. See Adoption of Rapp, 348 So.2d 107 (La.App. 4th Cir. 1977). The Rapp case reemphasized that it is well settled that adoption statutes are in derogation of a natural right and must be strictly construed. Cf. In re Haynes v. Mangham, [375 So.2d 103], supra. It also stated that it is equally well settled that consent of both parents is required before an adoption will be decreed except in those instances where the necessity of parental consent has been specifically dispensed with by law as in LSA-R.S. 9:422.1.
"A review of the development of the concept of just cause in Ackenhausen and the cases which have followed it points up that the statute is not one which grants rights to adoption-seeking stepparents, and it is not so inflexible that it entirely removes discretion from the courts. It is simply a remedial statute which dispenses with the rigid requirement of consent of a parent in the circumstances provided for in the statute."
The record supports the finding that Williams, because of reasons beyond his control had just cause for failing to support his child due to both his physical condition (which precludes his acquisition of lasting employment) and the refusal of the child's mother to communicate with him regarding Lara Mischelle or to accept any attempts on his part to contribute whatever small amounts of money he was able to secure from his, at best, sporadic employment.
We should also note that the Mississippi consent divorce judgment stated Williams would not be required to pay child support but would also be deprived of visitation rights. We can only conclude that the physical evaluation and ability of Williams to provide support was a consideration in this consent judgment. LSA-R.S. 9:422.1, which specifically does away with the requirement of consent of the other legitimate parent who has failed to support the child for one year, is referring to failure to obey a court-ordered decree of support.
*928 Accordingly, we can find no manifest error in the district court's denial of Ragas' petition to adopt his stepchild.
For the reasons assigned, the trial court decision is affirmed in all respects.
AFFIRMED.