GULOTTA, Judge.
The legitimate divorced parent, Charles Blanchard, appeals from a final decree of adoption of his child by the child’s stepfather, the second husband of the child’s mother. The adoption was granted pursuant to the provisions of LSA-R.S. 9:422.1 over the objection of the child’s father. This applicable statute provides, in pertinent part:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) ...”
Because we conclude the petitioner has failed to establish that the father refused or failed to comply with a court order of support for a period of one year without cause, we reverse the judgment granting the adoption.[1]
The parents of the child sought to be adopted were divorced in 1977 and the custody of the child was granted to the mother. Thereafter, on February 18, 1978, the mother of the child married the petitioner, Mark J. Plaisance. On November 21, 1975, prior to the judgment of divorce, the Jefferson Parish Juvenile Court ordered Blanchard to pay $12.50 per week to the child’s mother for support. During 1976, periodic rules for contempt were brought against the father for non-payment of support resulting in judgments ordering the payment of accumulated arrearage. According to the minutes of the Juvenile Court, the father was incarcerated on October 14, 1976 for failure to comply with a support order. On January 21,1977, he was exonerated from contempt for non-payment “inasmuch as he was incarcerated after the court hearing of October 14,1976.” He was further ordered to commence on January 24,1977 weekly support payments. According to the mother of the child, the only support payments received by her were through the Jefferson Parish Juvenile Court. Those records indicate that commencing with the first payment on December 1,1975 periodic payments were made by Charles W. Blanchard for the first six months of 1976, ending with the last payment on August 23, 1976. Apparently no payments were made during 1977 and thereafter.
Blanchard testified at the adoption hearing on July 30, 1979 that he had been “locked up a lot the last two years” and was “locked up in ‘76 for about three or four months.” At the time of the adoption hearing Blanchard was a minimum security risk prisoner at Angola and was serving a six- and-one-half year sentence at Jackson Barracks. In answer to the trial court’s ques *778 tion that even when not incarcerated he was not supporting the child, Blanchard stated: “At times, I was. At times I was.” No other evidence was submitted to the trial court either in the adoption hearing or in the hearing for nullity of the adoption judgment regarding Blanchard’s failure to comply with the support order for a period of one year.
In Adoption of Rapp, 348 So.2d 107 (La. App. 4th Cir. 1977) we stated:
“It is well-settled that adoption statutes are in derogation of a natural right and must be strictly construed. See Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966); In Re Ackenhausen, 244 La. 730, 154, So.2d 380 (1963). Equally well-settled is the rule that the consent of both parents is required before an adoption will be decreed, except in those instances where parental consent has been specifically dispensed with by law. LSA-R.S. 9:422.1; In Re Genin, 240 So.2d 46 (La.App. 4th Cir. 1970). Furthermore, where the failure to support the child has been based on just cause or reasons beyond the parent's control, the parent is not deprived of his right to give his consent. See In Re Hughes, 176 So.2d 158 (La.App. 4th Cir. 1965); In Re Adoption of Bickerstaff, 190 So.2d 117 (La.App. 4th Cir. 1966), writ refused, 249 La. 770, 191 So.2d 144 (1966); In Re Adoption of Schieman, 204 So.2d 433 (La.App. 4th Cir. 1967); In Re Spraggins, 234 So.2d 462 (La.App. 1st Cir. 1970).”
See also, Adoption of Latiolais, 376 So.2d 555 (La.App. 3rd Cir. 1979), affirmed, 384 So.2d 377 (La.1980), and our recent opinion, In Re Ragas, 393 So.2d 925 (La.App. 4th Cir. 1981).
The burden of proof is on the person applying for the adoption to establish the existence of the conditions of the statute under which consent of the legitimate parent is rendered unnecessary. See In Re Kennedy, 357 So.2d 905 (La.App. 2nd Cir. 1978). Once a defendant’s failure to comply with a court order of support for a period of one year within the meaning of LSA-R.S. 9:422.1 is shown, the defendant has the burden of proving cause for his non-payment. Berry v. Berryhill, 330 So.2d 405 (La.App. 3rd Cir. 1976).
Our evaluation of the evidence relating to Blanchard’s failure to make court ordered support payments leads to a conclusion that Blanchard has proven involuntary incarceration as a reason for his non-payment. Following the November, 1975 order of support, Blanchard made payments from January, 1976 through August of that year. From October 14,1976 to January 21, 1977, Blanchard was incarcerated and was re-incarcerated (according to his testimony) for the last two years preceding the adoption hearing conducted on July 30, 1979.[2] At the time of the hearing he was still incarcerated.
Adoption of Rapp holds that the father’s failure to make child support payments was based on cause where he was involuntarily incarcerated during the time the court order of support payments was in existence. Like Rapp, in our case, as reflected by the record, because of the father’s involuntary incarceration from the latter part of 1976 until the time of the adoption hearing, we conclude the father’s failure to make child support payments was based on cause. Accordingly, the father’s consent is necessary. Because of his objection, we reverse the judgment of the trial court and dismiss the petition for adoption.
REVERSED AND RENDERED.

. Before us in this appeal are two cases that have been consolidated. The first filed case in the Juvenile Court for the Parish of Jefferson resulted in the July 30, 1979 judgment of adoption. The second-filed suit in the Juvenile Court for the Parish of Jefferson, involving the same parties and seeking nullity of the earlier granted adoption decree, resulted in a denial of the father’s petition of nullity. Appeals were taken by the father from both judgments and have been consolidated on appeal.

. Blanchard’s testimony is corroborated by the investigative report of the Department of Health and Human Resources made part of the record before us. The report indicates Blanchard was arrested on October 31, 1977 for simple battery and received a six-and-one-half year sentence.