415 So.2d 596 (1982)
Junius DEROUEN, Plaintiff-Appellant,
v.
CITY OF NEW IBERIA, et al., Defendants-Appellees.
No. 8797.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
*597 J. Michael Placer, Lafayette, for plaintiff-appellant.
Roy, Forrest & Lopresto, L. Albert Forrest, Armentor & Wattigny, Minos H. Armentor, New Iberia, for defendants-appellees.
Before DOMENGEAUX, CUTRER and SWIFT, JJ.
DOMENGEAUX, Judge.
This case was instituted by plaintiff-appellant, Junius Derouen, against defendants-appellees, City of New Iberia (New Iberia), Evelyn M. Jean-Louis (Jean-Louis), and her liability insurer State Farm Mutual Automobile Insurance Company (State Farm), for personal injuries and property damage allegedly resulting from an automobile accident which occurred at the intersection of Robertson and Corinne Streets in the City of New Iberia. Thereafter, New Iberia filed a third party claim against defendants Jean-Louis and State Farm, who in turn reconvened against it. After plaintiff rested, the trial judge granted a motion for a directed verdict moved for by Jean-Louis and State Farm dismissing those defendants from the lawsuit.[1] Following trial, judgment was rendered in favor of New Iberia against the plaintiff, dismissing plaintiff's suit at his cost. Plaintiff has appealed against all defendants. We reverse, remand in part, and render.
On August 31, 1978, an electric semaphore traffic signal, which was owned and operated by the City of New Iberia and controlled traffic at the intersection of Robertson and Corinne Streets in that City, was malfunctioning. Plaintiff entered that intersection while traveling west on Robertson Street and before he cleared the intersection his vehicle was struck on the right rear side by defendant Jean-Louis' vehicle which was traveling south on Corinne Street. Both drivers contend that they had a green light and proceeded accordingly. The trial judge held that the traffic signal in question was malfunctioning at the time of the accident, indicating green for defendant Jean-Louis, and failing to indicate any signal at all for plaintiff.
The issues presented on appeal are:
(1) Whether or not the trial judge committed manifest error in concluding that plaintiff was faced with no signal and defendant Jean-Louis was faced with a green signal;
(2) Whether or not the trial judge should have granted the motion for a directed verdict of State Farm and Jean-Louis; and
(3) Quantum.

*598 TRIAL JUDGE'S FINDING OF FACT
The trial judge in reasons orally assigned concluded that the light controlling the intersection of Robertson and Corinne Streets showed a green light favoring southbound traffic on Corinne Street and no signal for the traffic traveling west on Robertson Street. In so holding he relied completely on the testimony offered by Charles Lacy, the investigating officer of the accident. For reasons hereinafter stated, we feel that the trial judge committed manifest error in so holding.
Upon completion of his investigation of the accident, Officer Lacy prepared an accident report representing his findings. This report states that: "Officer noted light at that intersection was not functioning and that on some cycles it stayed green on west and south side. On other cycles it would not show a red signal." Officer Lacy explained this statement by testifying that the light was malfunctioning, and that the manner in which it was malfunctioning was that on some cycles the light stayed green on the west side (for plaintiff's vehicle), and on some cycles the red signal did not show on the south (for defendant Jean-Louis' vehicle). On questioning by the Court, the officer repeated that same testimony. He stated that he was certain that he was standing on the southwest corner of the intersection, the corner that would be between the two drivers as they approached the intersection, and that on some cycles the light stayed green on the west and on other cycles it showed no red on the south. Nevertheless, he also admitted in response to questions from counsel for the City of New Iberia that he had also testified in deposition that the red light was not functioning on Robertson Street and that a green light was showing on the southerly direction.
On questioning by counsel for plaintiff, the police officer again testified that the statement in his report did not mean that the light was green on both sides but that the light on some cycles stayed green on the west side and showed no red signal on the south side. He further testified in response to questions by the Court that south would be Corinne Street and west would be Robertson Street. He reiterated that testimony with great tenacity in response to further questions from the court and from counsel for plaintiff. He testified that this was in accordance with his report, and that he prepared his report immediately after the accident. Officer Lacy also admitted that his memory was better when he prepared the accident report than when he gave his deposition (which was taken approximately one month prior to trial). On cross-examination by counsel for defendants Jean-Louis and State Farm, Officer Lacy changed his testimony to say that the Corinne Street side was green and there was no light visible on the Robertson Street side. Officer Lacy continued by claiming that his independent recollection of the malfunctioning of the light was better at trial than on the day of the accident when he made his report. He claims this even though he had just testified that when he gave his deposition he could not remember the events which took place on the date of the accident, it being almost three years since the preparation of his report.
An appellate court may not substitute its own version of the facts, however reasonable it may be, for that found by the trial court, unless such court committed manifest error in finding facts not reasonably supported by credible evidence in the record. The only consistency in Officer Lacy's testimony was to the effect that the traffic light was malfunctioning. With regard to the manner in which it was malfunctioning he gave two different versions: (1) In his report, his deposition, and in the preponderance of his testimony at trial he claimed that when the light was malfunctioning plaintiff had a green light and defendant Jean-Louis had no light at all; conversely, also in his deposition and in response to cross-examination based on that isolated statement in his deposition, he said that when the light malfunctioned defendant Jean-Louis had a green light and plaintiff had no light at all. Under these circumstances, we feel that it was manifestly erroneous for the trial court to accept the last *599 version given by this witness, which version is not reasonably supported by credible evidence in the record, and proceed to base its entire judgment thereon.
It seems obvious, especially in light of the complete vacillation of Officer Lacy's testimony, that he had no independent recollection of the manner in which the light was malfunctioning on the date of the accident. The most credible version of his findings concerning the light's operation is found in Officer Lacy's report prepared the date of the accident, which, according to Officer Lacy, states that on some cycles plaintiff's signal showed green and defendant's signal showed no color at all. Therefore, we find that the evidence preponderates in favor of plaintiff who claims to have had the right-of-way as he proceeded into the intersection.
The evidence establishes that a defect in the traffic signal caused it to malfunction thereby creating an unreasonable risk of injury to motorists who traversed the intersection. The evidence equally supports the conclusion that it was the light's malfunctioning which caused, or at least substantially contributed to, the accident. Recent jurisprudence indicates that where delictual responsibility is based not on negligence but on legal fault, under La.C.C. Article 2317, a public body's knowledge of the existence of the danger is irrelevant. Liability is a consequence of the fact of ownership and custody in itself, not the breach of a duty. Jones v. City of Baton Rouge-Parish of East Baton Rouge, 388 So.2d 737 (La.1980). Under the facts as we have interpreted them, we find defendant City to be strictly liable, and we fail to discern any fault on the part of plaintiff which would bar his recovery against defendant City. Consequently, we feel that the trial court erred in finding plaintiff negligent (or at fault), thereby barring his recovery against the City of New Iberia.

DIRECTED VERDICT
As aforementioned, the evidence at the close of plaintiff's case against defendants Jean-Louis and State Farm preponderates in favor of plaintiff who claims to have had the green signal through the intersection. As such, the trial court erred in granting defendants Jean-Louis' and State Farm's motion for a directed verdict below. Accordingly, we shall reverse the judgment of the district court granting the directed verdict in Jean-Louis' and State Farm's favor, and remand said proceedings to allow those defendants to introduce evidence in their defense in order to determine whether or not they are solidarily liable with defendant City.

QUANTUM
Doctor Sutton, plaintiff's treating physician, testified by deposition concerning plaintiff's injuries. According to Doctor Sutton, plaintiff's injuries consisted of a fractured radius of his left arm, abrasions, and small lacerations of his left arm. Doctor Sutton's diagnosis is undisputed. Plaintiff was initially hospitalized for three days during which his arm was set. Subsequently, plaintiff had to be readmitted for treatment which involved open surgery on his left arm to reduce the fracture internally, insert a metal plate (with six screws), and conduct a bone graft. The bone graft involved surgically removing bone from plaintiff's right arm and implanting it in his left arm. Doctor Sutton estimated plaintiff's residual disability to be approximately fifteen percent. At the time of the accident plaintiff was 65 years old, and was a carpenter by trade. Since the accident plaintiff claimed that his work week had been reduced from forty hours per week to about thirty hours per week. He attributes this decline to both age and his inability to work long hours because of his injury. We have reviewed our jurisprudence dealing with similar cases, and under the circumstances presented before us, we feel that an award to plaintiff in the amount of $25,000.00 representing general damages is appropriate. Additionally, plaintiff proved and is entitled to $9,280.00 of special damages representing $5,720.00 for lost wages, $2,725.00 for hospital and medical bills, and $835.00 for property damage.

*600 DECREE
For the above and foregoing reasons the judgment of the district court is reversed, remanded in part, and recast as follows:
It is hereby Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiff, Junius Derouen, and against defendant, City of New Iberia, in the amount of $34,280.00 with legal interest thereon from date of judicial demand until paid.
It is further Ordered, Adjudged, and Decreed that the judgment of the district court granting defendants, Jean-Louis' and State Farm's motion for directed verdict is reversed and remanded to the district court for further proceedings consistent with this opinion.
All costs at trial are assessed against the City of New Iberia, reserving unto it the right of contribution of costs on remand if appropriate. All costs on appeal are assessed one-half (½) against the defendants, Jean-Louis and State Farm, and one-half (½) against defendant, City of New Iberia.
REVERSED IN PART, REMANDED IN PART, AND RENDERED.
NOTES
[1] Although those defendants moved for a directed verdict and same was granted by the trial judge, under La.C.C.P. Art. 1810(B) said motion is more properly entitled in non-jury cases as a motion for judgment of dismissal.