437 So.2d 895 (1983)
In re H. Applying for Adoption.
No. 15495-CAJ.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
James E. Franklin, Jr., Shreveport, for plaintiffs-appellants.
*896 Bodenheimer, Jones, Klotz & Simmons by Frank H. Thaxton, III, Shreveport, for intervenor-appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
This is a stepparent adoption proceeding. The petitioner seeks to adopt her husband's two children by a prior marriage. The adoptions are opposed by the mother of the children. At the trial of this matter, upon the close of the petitioner's evidence, the juvenile court judge granted a "motion for directed verdict," dismissed this proceeding and denied the adoptions. The petitioner appeals. We affirm.
To preserve the confidentiality of those involved we shall refer to the petitioner as the "appellant" or the "petitioner." We shall refer to the father of the children as "Mr. H" and to the mother of the children as the "opponent."
The opponent and Mr. H were married in 1973 and divorced in 1979. Two children were born of their marriage, a girl, age 8, and a boy, age 5. The divorce judgment awarded custody of the children to Mr. H and ordered opponent to pay child support of $100 per month.
Opponent made no child support payments and in December, 1981, Mr. H filed a rule to accrue and make executory past due child support. He also sought interest on past due child support, attorney's fees and costs. The rule was not brought to trial and opponent continued to not pay child support.
In April, 1982, Mr. H and the petitioner married. They began living with Mr. H's two children and the petitioner's child by a prior marriage.
In September, 1982, the opponent delivered to Mr. H, through his attorney, a check for the total past due child support, excluding interest and attorney's fees. Opponent has since regularly paid her monthly child support obligation.
Mr. H considered opponent's initial check to be an offer to settle the pending rule and refused to negotiate the check though he did retain it. Mr. H has also refused to negotiate the subsequent checks and money orders representing monthly child support payments.
In October, 1982, some time after Mr. H's attorney had received opponent's initial check, petitioner commenced this proceeding to adopt the children alleging that opponent's consent was not required because of her failure to pay child support for over one year. The opponent responded by filing a "Petition for Intervention" asserting her opposition to the adoptions.
Upon the trial of this matter the opponent moved for a "directed verdict" at the close of petitioner's evidence.[1] The trial judge found that petitioner had not shown by a preponderance of the evidence that opponent's consent to the adoptions was not required or that the adoptions were in the best interest of the children. The trial judge granted the motion and dismissed the action. This appeal followed.
R.S. 9:422.1 provides certain circumstances in which a stepparent or grandparent can adopt a child without the consent of the non-custodial parent. The mere existence of circumstances in which the consent of the non-custodial parent is not required does not require that the adoption be granted, indeed, even in those circumstances the adoption should be allowed only when it is in the best interest of the child. Adoption of Latiolais, 384 So.2d 377 (La.1980); In re BAS Applying for Adoption, 424 So.2d 405 (La.App. 2d Cir.1982).
It is the burden of the party applying for adoption to establish the existence of circumstances under which consent of the non-custodial parent is not required, In re Kennedy, 357 So.2d 905 (La.App. 2d Cir. 1978); In re Plaisance, 394 So.2d 776 (La. *897 App. 4th Cir.1981), and that the adoption is in the best interest of the child. Adoption of Latiolais, supra; In re Hinton, 390 So.2d 972 (La.App. 2d Cir.1980), writ not considered, 396 So.2d 1350 (La.1981). As the opponent did not consent to the proposed adoptions it was essential to the success of petitioner's cause that she establish both of the above mentioned facts.
The juvenile court judge concluded that petitioner had not established either factor. If he was correct with respect to either factor the judgment should be affirmed.
This case was decided in the trial court on a motion for judgment of dismissal. In considering such a motion the trial judge must weigh and evaluate all the evidence presented up to that point and must grant a dismissal if the plaintiff has not established proof by a preponderance of the evidence of the facts essential to relief. Standard Mach., Etc. v. So. Pac. Transp. Co., 410 So.2d 842 (La.App. 3d Cir.1982), writ denied, 414 So.2d 377 (La.1982). See C.C.P. art. 1810B. The trial judge has much discretion in determining whether or not to grant a motion for judgment of dismissal. Burrell v. Kirkpatrick, 410 So.2d 1255 (La.App. 3d Cir.1982).
We begin by examining the juvenile court judge's conclusion that petitioner had not established that the adoptions were in the best interest of the children. The trial judge in his oral reasons for judgment stated that "... it would not be in their best interest to sever forever this relationship between the children and their biological parent." R. 232. The juvenile court judge has great discretion in making the determination of the children's best interest. In re Hinton, supra; In re BAS Applying for Adoption, supra.
The record shows that during 1980 the opponent conducted an active schedule of visitation with her children. The frequency of those visits was somewhat decreased in 1981 because of opponent's serious health problems but opponent did manage to have them for an extended visit of several weeks during that summer and she spoke to them frequently by long distance telephone. Opponent also had the children with her several days during the 1981 Christmas season. The evidence established that opponent had given the children many clothes and toys while they were in the custody of their father.
There was evidence that Mr. H refused to allow the children to visit their mother during 1982 until shortly after opponent began trying to pay the child support, and that during this period Mr. H and petitioner frequently refused to let the opponent speak to the children by telephone.
At the trial Mr. H was called as a witness for the petitioner. He testified the children are strongly emotionally attached to opponent and they enjoy being with her. He further testified that the children consider the opponent their mother and that they love her.
The evidence shows that there is a deep and continuing relationship of love and affection between the children and their biological mother. The existence of this relationship strongly supports the juvenile court judge's conclusion that the adoptions are not in the best interest of the children. We find no basis upon which to disturb that conclusion.
As we have found that the trial judge correctly concluded that the adoptions were not in the best interest of the children we need not consider whether the opponent's consent to the adoptions was required.
The judgment of the juvenile court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The opponent's "motion for a directed verdict" is more properly called a "motion for judgment of dismissal" and we shall so refer to it hereinafter. Derouen v. City of New Iberia, 415 So.2d 596 (La.App. 3d Cir.1982).